

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUNCHKIN, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>PLAYTEX PRODUCTS, LLC, a Delaware limited liability company; and DOES 1-10, INCLUSIVE,<br><br>      Defendants. | Case No. CV 11-0503 AHM (RZX)<br><br>**PROTECTIVE ORDER**<br><br>Date Action Filed: January 18, 2011 |
| PLAYTEX PRODUCTS, LLC, a Delaware limited liability company,<br><br>      Counter-Plaintiff,<br><br>  vs.<br><br>MUNCHKIN, INC., a Delaware corporation,<br><br>      Counter-Defendant. | |

## I. DEFINITIONS

1. As used in this Protective Order,

   a. "Designating Party" means any Person who designates Material as Confidential Material.

   b. "Discovering Counsel" means counsel of record for a Discovering Party.

   c. "Discovering Party" means the Party to whom Material is being Provided by a Producing Party.

   d. "Confidential Material" means any material designated as CONFIDENTIAL or where appropriate, ATTORNEYS' EYES ONLY, in accordance with the terms of this Protective Order.

   e. "Material" means any document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter, Provided in this action by a Party before or after the date of this Protective Order.

   f. "Party" means the Parties to this action, their attorneys of record and their agents.

   g. "Person" means any individual, corporation, partnership, unincorporated association, governmental agency, or other business or governmental entity whether a Party or not.

   h. "Producing Party" means any Person who Provides Material during the course of this action.

   i. "Producing Counsel" means counsel of record for a Producing Party.

   j. "Provide" means to produce any Material, whether voluntarily or involuntarily, whether pursuant to request or process.

## II. CONFIDENTIAL DESIGNATION

2. A Producing Party may:

a. Designate as "CONFIDENTIAL" any Material provided to a Party which contains or discloses any of the following:

i. Non-public insider information, personnel files, financial information, trade secrets as defined by California Civil Code § 3426.1[1], confidential commercial information, proprietary information, or other confidential or sensitive information which the Producing Party determines in good faith should be kept confidential, including but not limited to non-public customer lists, test protocols, distributor lists, financial information including net and gross revenue numbers, sales figures, returns or similar non-publicly reported financial figures, surveys, market surveys, product testing reports and data, confidential marketing and brand strategies, sales strategies, product development strategies, business development plans, research and development relating to new products, contracts with business partners, consultants and vendors, and internal and confidential emails, notes and memoranda discussing in whole or in part any of the foregoing business sensitive topics ("Itemized Material"); and

ii. Information that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person.

b. Designate as "ATTORNEYS' EYES ONLY," Material, including the Itemized Material, which the Parties contend contain or disclose information, which they in good faith believe to be of an extremely high degree of current commercial sensitivity and/or would provide a competitive advantage to its competitors if disclosed.

---

[1] Cal. Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

c.  All costs associated with the designations of materials as "Confidential" or "Attorneys' Eyes Only" involving the cost of binding confidential portions of deposition transcripts, shall be initially borne by the Party making the designation with no prejudice regarding the Designating Party's ability to recover its costs upon completion of the litigation.

### III. RESTRICTION ON USE OF CONFIDENTIAL MATERIAL

3. Confidential Material designated as CONFIDENTIAL shall not be disclosed, nor shall its contents be disclosed, to any person other than those described in Paragraph 6 of this Protective Order and other than in accordance with the terms, conditions and restrictions of this Protective Order. Confidential Material designated as ATTORNEYS' EYES ONLY shall not be disclosed, nor shall its contents be disclosed to any person other than those described in Paragraph 7 of this Protective Order.

4. Confidential Material Provided by a Producing Party to a Discovering Party shall not be used by the Discovering Party or anyone other than the Producing Party, specifically including the persons identified in Paragraphs 6 or 7 as appropriate, for any purpose, including, without limitation any personal, business, governmental, commercial, publicity, public-relations, or litigation (administrative or judicial) purpose, other than the prosecution or defense of this action.

5. All Confidential Material shall be kept secure by Discovering Counsel and such Discovering Counsel shall take all reasonable steps necessary to ensure that access to Confidential Material is limited to persons authorized pursuant to Paragraphs 6 or 7 of this Protective Order.

6. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, Discovering Counsel may disclose Material designated as CONFIDENTIAL and the contents of Material designated as CONFIDENTIAL only to the following persons:

a. Counsel of record working on this action on behalf of any Party and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretaries, and clerical staff;

b. In-house or outside corporate counsel to a Party;

c. Court and deposition reporters and/or videographers and their staff;

d. The Court and any Person employed by the Court;

e. Witnesses at depositions or pre-trial proceedings, in accordance with the procedures set forth in Paragraphs 8, 10, and 12-14;

f. Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action. If the expert or consultant is an employee of a direct competitor of the Parties in the diaper pail industry, the Discovering Party must make the disclosure in accordance with the procedures set forth in Paragraph 9 below;

g. Officers, directors and employees of the Parties hereto who have a need to review Material designated as CONFIDENTIAL to assist in connection with this litigation, subject to the limitations set forth herein;

h. Photocopy service personnel who photocopy or assist in the photocopying or delivering of documents in this litigation;

i. Any Person identified on the face of any such Material designated as CONFIDENTIAL as an author or recipient thereof;

j. Any Person who is determined to have been an author and/or previous recipient of the Material designated as CONFIDENTIAL, but is not identified on the face thereof, provided there is prior testimony of actual authorship or receipt of the Material designated as CONFIDENTIAL by such Person; and

k. Any Person whom the Parties agree in writing may receive Material designated as CONFIDENTIAL.

The Parties shall make a good faith effort to limit dissemination of Material designated as CONFIDENTIAL within these categories to Persons who have a reasonable need for access thereto.

7. For purposes of the preparation of this action, and subject to the terms, conditions, and restrictions of this Protective Order, the Discovering Counsel may disclose confidential Material designated as ATTORNEYS' EYES ONLY, and the contents of Material so designated, only to the following persons:

    a. Counsel of record for the Parties to this action and counsel's employees who are directly participating in this action, including counsel's partners, associates, paralegals, assistants, secretarial, and clerical staff;

    b. In-house or outside corporate counsel to a Party who are not responsible for competitive decision-making;

    c. Court and deposition reporters and/or videographers and their staff;

    d. The Court and any person employed by the Court;

    e. Witnesses at depositions or pre-trial proceedings, in accordance with the procedures set forth in Paragraphs 8, 10, and 12-14;

    f. Experts and consultants assisting counsel with respect to this action and their secretarial, technical and clerical employees who are actively assisting in the preparation of this action. If the expert or consultant is an employee of a direct competitor of the Parties in the diaper pail industry, the Discovering Party must make the disclosure in accordance with the procedures set forth in Paragraph 9 below;

    g. Any Person identified on the face of any such Material designated as ATTORNEYS' EYES ONLY as an author or recipient thereof;

    h. Any Person who is determined to have been an author and/or previous recipient of the Material designated as ATTORNEYS' EYES ONLY, but is not identified on the face thereof, provided there is prior testimony of actual authorship

6
[PROPOSED] PROTECTIVE ORDER
DWT 17255809v3 0062485-000017

or receipt of the Material designated as ATTORNEYS' EYES ONLY by such Person; and

      i.    Any Person whom the Parties agree in writing may receive Material designated as ATTORNEYS' EYES ONLY.

### IV. <u>UNDERTAKING TO BE BOUND BY PROTECTIVE ORDER</u>

8. Before Discovering Counsel may disclose Confidential Material to any Person described in subparagraphs 6(e), 6(f), 6(g) and 6(k), or 7(e) and 7(h) above, the Person to whom disclosure is to be made shall receive a copy of this Protective Order, shall read the Protective Order, shall evidence his or her agreement to be bound by the terms, conditions, and restrictions of the Protective Order by signing an undertaking in the form attached hereto as **Exhibit A** (the "Undertaking"), and shall retain the copy of this Protective Order, with a copy of his or her signed Undertaking attached. Discovering Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs 6(e), 6(f), 6(g) and 6(k), or 7(e) and 7(h) to whom Discovering Counsel discloses Confidential Material.

9. In the event Discovering Counsel wishes to disclose Confidential Material to any expert or consultant pursuant to subparagraphs 6(f) or 7(e) above, and such expert or consultant is an employee of a direct competitor of the Parties in the diaper pail industry, Discovering Counsel shall provide notice to Producing Counsel no later than ten days prior to disclosing such Confidential Material to the expert or consultant. Such notice shall include the expert or consultant's name, the name of the company with which they are employed, and their specific title with such company, as well as a specific description of which documents (identified by Bates number) Discovering Counsel intends to provide to such individual. In the event the Producing Party objects to such disclosure, Producing Counsel shall provide written notice (via e-mail and regular mail) to Discovering Counsel of such objection. If such an objection is lodged, the Producing Party must meet and confer with the Discovering Party within three days of lodging of such objection in an attempt to resolve the matter in good faith. If no

resolution is reached, and the Producing Party maintains its objection, Producing Party must seek redress from the court within seven days of the meet and confer conference. In the event the Producing Party files such motion, the Confidential Material shall not be disclosed to the expert or consultant in question pending a ruling from the Court. In the event the Producing Party fails to timely comply with any of the requirements of this Paragraph 9, the Confidential Material may be disclosed to the expert or consultant in question.

10. The individuals designated in subparagraphs 7(a) and 7(b) above, are specifically prohibited from publishing, releasing, or otherwise disclosing Material designated as ATTORNEYS' EYES ONLY, or the contents thereof, to any directors, officers, or employees of the company for which the individual is employed, or to any other persons not authorized under this Protective Order to receive such information. The designated individuals in subparagraphs 7(a) and 7(b) shall retain all ATTORNEYS' EYES ONLY material in a secure manner under separate and confidential file, so as to avoid inadvertent access by, or disclosure to, unauthorized persons.

## V. DOCUMENTS

11. Disclosure of Confidential Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings). A Producing Party shall stamp as CONFIDENTIAL or ATTORNEYS' EYES ONLY Materials which the Producing Party in good faith believes are entitled to protection pursuant to the standards set forth in Paragraph 2 of this Order. A Producing Party may designate Confidential Material for protection under this order by either of the following methods:

    a. By physically marking it with the following inscription prior to Providing it to a Party:

CONFIDENTIAL
or

8
**[PROPOSED] PROTECTIVE ORDER**
DWT 17255809v3 0062485-000017

b. By identifying with specificity in writing (by email and U.S. Mail correspondence) to the Discovering Party any previously Provided Material which was not designated as Confidential Material prior to its having been Provided. For purposes of this method of designation, it will be a sufficiently specific identification to refer to the bates numbers or deposition page numbers of previously Provided Material. Where a Producing Party designates previously Provided Material as Confidential Material pursuant to this subparagraph, the Producing Party will follow the procedures set forth in the previous subparagraph for designating Confidential Material, and Provide to the Discovering Party additional copies of the previously Provided Material marked with the inscription described in the previous subparagraph. Upon receipt of the additional copies which comply with the procedures set forth in the previous subparagraph, the Discovering Party will immediately return to the Producing Party the previously Provided Material, or alternatively, will destroy all the corresponding previously Provided Material. For previously Provided Material which was not designated as Confidential Material at the time of its being Provided, this Protective Order shall apply to such materials beginning on the date that the Producing Party makes such designation.

## VI. DEPOSITIONS

12. Those portions of depositions taken by any Party at which any Material designated as CONFIDENTIAL is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 6 of this Protective Order to view such Confidential Material. Those portions of depositions taken by any Party at which any Material designated as ATTORNEYS' EYES ONLY is used or inquired into, may not be conducted in the presence of any Person(s) other than (a) the deposition witness, (b) his or her counsel, and (c) Persons authorized under Paragraph 7 of this Protective Order to view such Confidential Material.

13. Counsel for any deponent may designate testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his or her testimony are to be treated as Confidential Material. Counsel for any Party may designate exhibits in which that Party has a cognizable interest as Confidential Material by indicating on the record at the deposition that such exhibit(s) are to be treated as Confidential Material. Failure of counsel to designate testimony or exhibits as confidential at deposition, however, shall not constitute a waiver of the protected status of the testimony or exhibits. Within thirty calendar days of receipt of the final transcript of the deposition, or thirty days of the date on which this Protective Order becomes effective, whichever occurs last, counsel shall be entitled to designate specific testimony or exhibits as Confidential Material. Any exhibits that were designated as Confidential Material at the time they were produced shall maintain such designation when used in a deposition, absent express consent from the Producing Party to the contrary. If counsel for the deponent or Party fails to designate any exhibits (other than Produced Confidential Material) or any portion of a transcript as Confidential Material within the above-described thirty day period, any other Party shall be entitled to treat the transcript or exhibits as non-confidential material. For purposes of this Paragraph 12, this Protective Order shall be deemed "effective" on the date on which it has been executed by all counsel for the Parties.

14. When Material disclosed during a deposition is designated Confidential Material at the time testimony is given, the reporter shall separately transcribe those portions of the testimony so designated, shall mark the face of the transcript in accordance with Paragraph 10 above, and shall maintain that portion of the transcript or exhibits in separate files marked to designate the confidentiality of their contents. The reporter shall not file or lodge with the Court any Confidential Material without obtaining written consent from the Party who designated the Material as Confidential Material. For convenience, if a deposition transcript or exhibit contains repeated

references to Confidential Material which cannot conveniently be segregated from non-confidential material, any Party may request that the entire transcript or exhibit be maintained by the reporter as Confidential Material.

## VII. NON-PARTY DESIGNATIONS

15. **Non-party Designations In Response to Subpoenaed Document Production.** Any non-party responding to a subpoena issued by a Party in this action may designate any Disclosure or Discovery Material as "Confidential" or "Attorneys' Eyes Only." Such designations shall be made in good faith. Further, any non-party seeking to invoke any protection accorded by the Protective Order must provide a copy of the "Undertaking to Be Bound by Pretrial Protective Order" (attached as Exhibit A) executed by the non-party to all counsel of record for the Parties.

16. **Non-party Designations During Deposition.** During the deposition of any non-party, the non-party may designate any Disclosure or Discovery Material as "Confidential" or "Attorneys' Eyes Only." Such designations shall be made in good faith. Further, any non-party seeking to invoke any protection accorded by the Protective Order must provide a copy of the "Undertaking to Be Bound by Pretrial Protective Order" (attached as Exhibit A) executed by the non-party to all counsel of record for the Parties. Nonparties can designate deposition testimony in the manner prescribed by Paragraphs 11 through 13.

## VIII. USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS

17. When a party wishes to file with the Court any document (including motion papers themselves) that reveals any Confidential Material, that party shall follow the rules set forth in Local Rule 79-5 regarding filing documents under seal. In situations in which the filing party is not the Designating Party and the filing party wishes to redact Confidential Material and file the redacted document in the public

11
[PROPOSED] PROTECTIVE ORDER
DWT 17255809v3 0062485-000017

record rather than proceeding under Local Rule 79-5, the filing party shall have the affirmative duty of confirming with the Designating Party the scope of Confidential Material on a document that may be redacted to ensure that Confidential Material is not disclosued in the public record.

## IX. OBJECTIONS TO DESIGNATION

18. Any Party may at any time notify the Designating Party in writing (by email and U.S. Mail correspondence) of its contention that specified Material designated as Confidential Material is not properly so designated because such Material does not warrant protection under applicable law. The Designating Party shall within five court days from the date the Party sends notice to the Designating Party, meet and confer in good faith with the Party challenging the designation in an attempt to resolve such dispute. The Discovering Party shall have ten (10) calendar days from the initial meet and confer to file a motion to remove the designation of the material in question. Any such motion shall be set for hearing on the first available calendar date. If no motion is filed within 10 days, or any mutually agreed to extension of time, the Discovering Party's objection to the designation shall be deemed withdrawn. To prevail on such a motion, the Discovering Party must show by a preponderance of the evidence that the designation as Confidential Material is inappropriate. Pending resolution of any motion filed pursuant to this Paragraph, all Persons bound by this Protective Order shall continue to treat the Material which is the subject of the motion as Confidential Material.

19. Any discovery disputes concerning the designation of materials or disclosure of documents or information under this Protective Order shall be brought in compliance with Local Rule 37.

## X. RETURN OF MATERIAL

20. Within ninety (90) calendar days after the final settlement or termination of this action or any appeals from final judgment in this action, Discovering Counsel shall return or destroy (at the option and expense of Discovering Counsel) all

12
[PROPOSED] PROTECTIVE ORDER
DWT 17255809v3 0062485-000017

Confidential Materials provided by a Producing Party, including any copies or other reproductions of such Confidential Materials. Within the same time, Discovering Counsel shall also destroy any abstracts, compilations, summaries or other attorney work product that contain verbatim reproductions of substantive portions of such Confidential Material, provided however that Discovering Counsel may retain one archival set of any such abstracts, compilations, summaries or other attorney work product. Any such archival copies that contain or constitute Confidential Material remain subject to this Protective Order. Counsel for each Party shall store in a secure area the archival set of materials embodying Confidential Material together with all of the signed undertakings they are required to preserve pursuant to Paragraph 8 above, and shall not make use of such Material except in connection with any action arising directly out of these actions, or pursuant to a court order for good cause shown. The obligations of this Protective Order shall survive the termination of this action. To the extent that Confidential Materials are or become known to the public through no fault of the Discovering Party, such Confidential Materials shall no longer be subject to the terms of this Protective Order. Upon request, counsel for each Party shall verify in writing that they have complied with the provisions of this paragraph.

## XI. SCOPE OF THIS ORDER

21. Except for the provisions regarding post-trial or post-settlement return and destruction of Material, or segregation of work product which embodies Confidential Material, this order is strictly a pretrial order; it does not govern the trial in this action.

22. Not later than seven days before trial in the action, Counsel agree to meet and confer concerning the use at trial of Confidential Material.

23. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any Party or Person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or privileged under California or federal law, Material as to which the Producing Party claims a legal obligation not to disclose, or Material not

required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any Material, whether or not designated in whole or in part as Confidential Material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

24. Designation of Material as Confidential Material on the face of such Material shall have no effect on the authenticity or admissibility of such Material at trial.

25. This Protective Order shall not preclude any Person from waiving the applicability of this Protective Order with respect to any Confidential Material Provided by that Person or using any Confidential Material Provided by that Person or using any Confidential Material owned by that Person in any manner that Person deems appropriate.

26. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any Party or Person with respect to Confidential Material designated by that Party.

27. The restrictions set out in the Protective Order shall not apply to any Material which:

    a. At the time it is Provided is available to the public;

    b. After it is Provided, becomes available to the public through no act, or failure to act, of the Discovering Party; or

    c. The Discovering Party can show

        i. Was already known to the Discovering Party independently of receipt of the Confidential Material in this or prior litigation; or

        ii. Was received by the Discovering Party, after the time it was designated as Confidential Material hereunder, from a third party having the right to make such disclosure.

28. If at any time any Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person or entity purporting to have authority to require the production of such material, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to the Producing Party with respect to Confidential Material sought and shall afford the Producing Party reasonable opportunity to pursue formal objections to such disclosures. If the Producing Party does not prevail on its objections to such disclosure, the Discovering Party may produce the Confidential Material without violating this Protective Order.

**SO ORDERED:**

Dated: June 30, 2011

_____
Hon. A. Howard Matz
United States District Judge

# **EXHIBIT A**

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Munchkin, Inc. v. Playtex Products, LLC et al.* – Case No. CV 11-0503 AHM (RZX). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2011

City and State where sworn and signed: _____

Signed: _____        _____
        [Print Name]              [Signature]