UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00503 AHM (RZx) | Date | October 4, 2012 |
|---|---|---|---|
| Title | MUNCHKIN, INC. v. PLAYTEX PRODUCTS, LLC | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys NOT Present for Plaintiffs: | Attorneys NOT Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

In the tentative or draft ruling that this Court circulated at the September 24, 2012 hearing, the Court determined that Instruction 3E was both warranted and correct. After considering counsels' arguments at the hearing and further reviewing the trial record and the authorities the Court cited in that tentative ruling, the Court now is persuaded that its earlier determination was wrong, for the following reasons. Accordingly, the Court GRANTS Playtex's motion for a new trial,[1] but only as to Munchkin's challenges to Playtex's "Proven #1" and "#1 Recommended" advertising claims. Playtex is not entitled to relief as to its unsuccessful counterclaims challenging Munchkin's advertising.

Instruction 3E

Over Playtex's objection, the Court delivered the following instruction to the jury:

Determining Injury–Presumption of Injury

If you find that a party deliberately sought to deceive consumers, by knowingly including false or misleading statements in its advertisements or packaging, you may conclude that the party challenging such statements suffered actual injury, unless the party that made the statements proves by a preponderance of the evidence that the party challenging them did not in fact suffer actual injury.

(Dkt. 332).

---

[1] Dkt. 356.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00503 AHM (RZx) | Date | October 4, 2012 |
|---|---|---|---|
| Title | MUNCHKIN, INC. v. PLAYTEX PRODUCTS, LLC | | |

The jury found that Diaper Genie II Elite's "Proven #1" claim was literally false and that Playtex deliberately deceived consumers in making the statement. The jury also found that the statement had injured or was likely to injure Munchkin.[2] As for the "#1 Recommended" claim, the jury found that it was likely to mislead, confuse, or deceive consumers. It also found that Playtex had acted willfully and that the statement had injured or was likely to injure Munchkin. (Dkt. 397).

<u>The Premise of the Presumptive Injury Instruction</u>

Playtex takes issue with the presumption of injury that this instruction allowed Munchkin to exploit.[3] Playtex argues that this presumption is appropriate only in "comparative claims," that is, "where a defendant claims that its product is equivalent or superior to its competitor's product or has a quality which its competitor's product does not." 5 *McCarthy on Trademarks* § 27.59 (4th ed.). Upon thorough review of the case law, this court agrees.

In *TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820 (9th Cir. 2011), after a bench trial the district court found the defendant liable but "denied plaintiffs' request for an award of profits because they provided no evidence of causation or evidence quantifying the extent of any ... harm they suffered as a result of [the defendants'] actions." *Id.* at 831(internal quotation and alteration omitted). The Ninth Circuit upheld the denial of the award:

> Nothing in the Lanham Act conditions an award of profits on plaintiff's proof of harm, and we've held that profits may be awarded in the absence of such proof. *See Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1146 (9th Cir. 1997); *U-Haul Int'l, Inc. v. Jartran, Inc. ("U-Haul II")*, 793 F.2d 1034, 1040–42 (9th Cir. 1986). But an award of profits with no proof of harm is an uncommon remedy in a false advertising suit. It's appropriate in false *comparative* advertising cases, where

---

[2] Notably, the jury also found literal falsity and deliberate deception as to the "Proven #1" claim on Diaper Genie II, but it found that Munchkin had *not* been injured by that claim.

[3] In its closing argument, counsel for Munchkin twice referenced instruction 3E and reminded the jury that it could presume injury. Tr. 1213:23-1214:7; 1272:16-23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00503 AHM (RZx) | Date | October 4, 2012 |
|---|---|---|---|
| Title | MUNCHKIN, INC. v. PLAYTEX PRODUCTS, LLC | | |

it's reasonable to presume that every dollar defendant makes has come directly out of plaintiff's pocket. *See, e.g.*, *U-Haul II,* 793 F.2d at 1041; *U-Haul v. Jartran, Inc. ("U-Haul I"),* 681 F.2d 1159, 1159 (9th Cir. 1982) (newspaper ad falsely stated that defendant's rental trucks were bigger, newer and more fuel-efficient than trucks in plaintiff's fleet).

*Id.* In *TrafficSchool.com*, the falsity in the defendants' claims related only to their own product; the false claims did not even refer to the plaintiffs' product, much less compare it to their own. The Court explained that this difference made the comparative cases inapplicable in that case. *Id.* Although the *TrafficSchool.com* court specifically addressed the propriety only of a certain kind of damages–an award of defendants' profits– it is not the only Ninth Circuit ruling that makes clear that the presumption should be limited to comparative cases. *See Harper House v. Thomas Nelson, Inc.*, 889 F.2d 197, 210 (9th Cir. 1989) (reversing jury verdict in non-comparative case because plaintiff did not show injury, despite evidence of defendant's willful deception); *see also Southland Sod Farms,* 108 F.3d at 1146 (approving of presumption of injury "for false comparative cases.").

Accordingly, the Court concludes it was error to give Instruction 3E unless Playtex's "Proven #1" and "#1 Recommended" claims were comparative claims. Thus, the specific issue is whether Playtex's claims were "comparative" notwithstanding that they did not mention "Munchkin."

<u>The Parties' Advertisements</u>

On the Diaper Genie II Elite, the "Proven #1" claim read "Proven # 1 in Odor Control*". This claim appeared on five sides of the box. The asterisked disclaimer, which appeared on two sides of the box in smaller print, read: "*Proven #1 in odor control when tested against other major competitors that use ordinary garbage bags and/or carbon refills under the most rigorous conditions of emptying the pail." Tr. 354:7-355:6. Munchkin's product does not use garbage bags or carbon refills. However, in at least a few instances, Playtex's claim appeared in print advertising without the disclaimer. Tr. 357:7-13. The Diaper Genie II Elite bore this claim when it first appeared on the market in August/September 2008. Court Ex. B (Dkt. 295). Playtex stopped printing the "Proven #1" claim on the Diaper Genie II Elite's packaging in February 2011. *See* Decl. of Douglas Sweetbaum in Support of Oppositions to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00503 AHM (RZx) | Date | October 4, 2012 |
|---|---|---|---|
| Title | MUNCHKIN, INC. v. PLAYTEX PRODUCTS, LLC | | |

Munchkin's Motions for Attorneys' Fees and Permanent Injunction (Dkt 376).[4] Munchkin's Arm & Hammer-licensed product came on the market in late November 2009, and as is noted below, its competing odor control claim first was made in late November 2010.

      Playtex's deceptive "#1 Recommended" claim read "#1 Recommended Among 1st Time Moms," and contained no disclaimer. It appeared on a special pink version of the Diaper Genie II Elite intended for sale at Target stores. The claim first appeared in those stores when the product was launched in July 2011. Court Ex. B. It appears that there was no evidence admitted at trial demonstrating when or whether Playtex stopped using this claim. In a filing dated October 3, 2011, however, Playtex claimed that it was no longer printing packaging for the pink pail bearing this claim. *See* Decl. of Carolyn Turoczi in Opposition to Munchkin's Motion for Leave to Amend Complaint (Dkt. 112-1). Neither of the Playtex claims for which it was held liable mentions Munchkin or Arm & Hammer.

      Munchkin made claims about its pail almost identical to those made by Playtex. Its odor-control claim read: "The NEW #1 in odor control. Proven Better at Odor Control than Diaper Genie® II & Diaper Genie® II Elite in a laboratory test." This claim first appeared on the product packaging in late November 2010. Court Ex. B. At the time of

---

[4] Playtex removed this claim from the Elite's packaging in response to a decision of the Better Business Bureau's National Advertising Division. At Playtex's request, the Court ruled that Munchkin could not introduce evidence of that decision. (Dkt. 289). At trial, however, the Court clarified that ruling by stating that if Playtex presented evidence that it had stopped printing the "Proven #1" claim, Munchkin could explore why it did so on cross-examination. Tr. 238:13-241:24. Thus, although the fact is not disputed, no evidence was admitted at trial demonstrating Playtex's cessation of this claim. Munchkin points out that packages bearing the claim continue to be sold by some retailers and that, in at least one post-February 2011 instance, the claim was advertised on a Playtex website. Munchkin does not, however, argue that Playtex shipped any inventory bearing the claim after February 2011.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00503 AHM (RZx) | Date | October 4, 2012 |
|---|---|---|---|
| Title | MUNCHKIN, INC. v. PLAYTEX PRODUCTS, LLC | | |

trial, Munchkin's odor claim was still present on packaging. Tr. 192:114-15; 1262:11:15. Munchkin's preference claim read: "Preferred by moms 2 to 1 over Diaper Genie II in an independent, national, in-home study with 100 moms." This claim first appeared on packaging in September 2010. It is unclear when or whether it was removed. Munchkin's claims are indisputably comparative, given that they specifically compare Munchkin's product with Playtex's products.

Although the competing odor-control claims were remarkably similar in content, they overlapped in the marketplace only for a short period. Playtex's odor-control claim preceded Munchkin's by approximately two years, and the two competing odor-control claims only coincided for a period of a few months–from late November 2010, when the Munchkin claim first appeared, until February 2011, when Playtex stopped displaying its claim. (As noted, however, some inventory bearing this claim remained on the marketplace after this date). The record at trial is less than clear about the precise periods of overlap of the two preference claims. However, since Playtex printed the offending preference claim only on the pink pail and only for a few months, any possible overlap would be limited to that brief period.

## The Competitive Market

In its earlier, tentative ruling, the Court indicated that the diaper pail market was "binary"–*i.e.*, dominated by Playtex and Munchkin. Upon careful review of the trial record, however, it is unclear what the parties' respective market shares were at the time these claims were being made. Douglas Sweetbaum, a Playtex executive, testified that the two companies occupied approximately ninety to ninety-five percent of the market *at the time of trial*. Tr. 396:2-5; Tr. 402:6-9. At the hearing, Munchkin's counsel argued that Sweetbaum also testified that Munchkin and Playtex were the only relevant players on the market. In reality, Sweetbaum said just the opposite: "[C]ertainly Munchkin is one of our major competitors, but because we have a very strong market share, every one of our competitors is a major competitor." Tr. 375:25-376:3. Munchkin's counsel further urged that "in terms of competitors, it's [sic, not *"it was"*] a two player market. . . . The practical effect, because of the two-player market, and because of the products being side-by-side on the shelves next to each other, yes, absolutely it was perceived and is perceived by consumers as a comparative claim." Hearing Tr. 10:9-15. The Court is unaware of any evidence in the trial record establishing counsel's contention that it was a "two-player market" during the relevant time frame or that consumers actually perceived

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00503 AHM (RZx) | Date | October 4, 2012 |
|---|---|---|---|
| Title | MUNCHKIN, INC. v. PLAYTEX PRODUCTS, LLC | | |

Playtex's claim as comparing Playtex's product to Munchkin's product.

At trial, Playtex submitted into evidence a multi-page Munchkin sales presentation that contains some graphs representing the market. Tr. Ex. 1068; Tr. 281:16-282:13. One graph from that presentation shows the market shares of four diaper pails over the course of 2010: Playtex's Diaper Genie II Elite and Diaper Genie II, the Munchkin pail, and the Diaper Champ, which is manufactured by a third party. Tr. Ex. 1068: MU 000272. That graph reveals a fragmented market: the Elite was the biggest seller throughout the year, with the Diaper Genie II and Munchkin fighting for second place and the Champ not far behind in fourth. Another graph shows that Munchkin's sales jumped from December 2010 to January 2011, just after it added its odor-control claim. Tr. Ex. 1068: MU 000270. But Exhibit 1068 does not reveal any evidence of the competitors' sales during that period, nor does it contain any information for the period after January 2011.

Based on the foregoing facts, the Court is compelled to conclude that the diaper pail market was fragmented, rather than binary, during the relevant time periods. During the year 2010, which represents most of the time that Munchkin had to confront Playtex's deceptive odor-control claim, Munchkin held second place to Playtex, but the Diaper Champ's third-place share was not *de minimis*. Although Munchkin's considerable increase in sales at the tail-end of 2010 could suggest a move towards a binary market in 2011, the evidence for that year is inconclusive. Moreover, the temporal overlap between each of Playtex's claims and the corresponding Munchkin claims was slight; for both the "Proven #1" and "#1 Recommended" claims, there were only a few months when both companies were concurrently releasing the claims in issue.

The Advertisements in Question Were Not Comparative

The Court initially concluded that *Time Warner Cable v. DIRECTV, Inc.*, 497 F.3d 144 (2d Cir. 2007), provided a sound basis for concluding that Playtex's claims were comparative. But since the Court has now determined that, unlike the television services market in *Time Warner Cable*, the market for diaper pails did not in fact have a "nearly binary structure," the Court can no longer support that conclusion. For the same reason, the Court no longer may distinguish *CKE Restaurant v. Jack in the Box, Inc.*, 494 F.Supp.2d 1139 (C.D. Cal. 2007), which held that the presumption was inapplicable when an offending advertisement merely refers to "our competitor's product." *Id.* at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00503 AHM (RZx) | Date | October 4, 2012 |
|---|---|---|---|
| Title | MUNCHKIN, INC. v. PLAYTEX PRODUCTS, LLC | | |

1145.[5]

In short, it was improper to give Instruction 3E because: (1) the deceptive Playtex claims did not mention Munchkin or Arm & Hammer by name and (2) the plaintiff and defendant did not so totally dominate the market as to constitute a "binary structure." Rather, the weight of authority holds that the presumption is improper in these circumstances. *See CKE Restaurant*, 494 F.Supp.2d at 1139; *Mutual Pharm. Co. v. Ivax Pharm., Inc.*, 459 F.Supp.2d 925 (C.D. Cal. 2006) (presumption is inappropriate when false claims do not "mention or compare their product" to plaintiff's product). Thus, it was improper to allow the jury to presume injury to Munchkin based on the erroneous instruction 3E. Accordingly, the Court GRANTS Playtex's motion for a new trial on liability and damages.[6] The Court will soon issue an order setting a date for a scheduling conference and Pre-Trial Conference. In the meantime, the Court ORDERS the parties to resume their efforts to settle this case.

| | : |
|---|---|
| Initials of Preparer | SMO |

---

[5] A leading treatise states that "[t]he Third Circuit has said that an advertisement need not specifically name a competitor in order to be a form of false comparative advertising." 5 *McCarthy on Trademarks* § 27.59 (4th ed.). But both the explanatory text and the cited case address only the issue of whether a claim is actionable, not whether a presumption of injury is proper. That case is *Castrol, Inc. v. Penzoil Co.*, 987 F.2d 939 (3d Cir. 1993). *See id.* at 946 ("[T]here need not be a direct comparison to a competitor for a statement to be actionable under the Lanham Act.").

[6] In light of this decision, the Court DENIES as moot Munchkin's request for attorneys' fees. (Dkt. 370). In a separate order, the Court explains its denial of Munchkin's request for a permanent injunction.